UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY APOLLO NEELEY,

    Plaintiff,

v.       Case No. 8:25-cv-2048-WFJ-LSG

CHIEF JUDGE SHAWN CRANE, *et al.*,

    Defendants.
_____/

## ORDER

Anthony Apollo Neeley is a Florida prisoner serving a thirty-year sentence for DUI manslaughter and a consecutive ten-year sentence for leaving the scene of a crash involving injury. *State v. Neeley*, No. 14-19565-CF (Fla. 6th Jud. Cir. Ct.). He initiated this action by filing a *pro se* civil-rights complaint under 42 U.S.C. § 1983. (Doc. 1). Upon review, *see* 28 U.S.C. § 1915A, the Court concludes that Mr. Neeley's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because they challenge the validity of his state-court convictions. Accordingly, the complaint is **DISMISSED without prejudice**.

In his complaint, Mr. Neeley seeks $8.5 million in damages for "unlawful incarceration." (Doc. 1 at 4-5). He alleges that the car accident underlying his convictions occurred because his vehicle "unexpectedly began to accelerate on its own," "reaching speeds of up to 140 mph[] even as [he] persistently attempted to decelerate." (Doc. 1-1 at 13-14). Mr. Neeley also claims that he "consumed" only "a shot of alcohol before driving,"

and that "the incident was not [his] fault." (*Id.* at 14). Based on these allegations, Mr. Neeley seeks "monetary compensation" and "the restoration of rights." (Doc. 1 at 4).

*Heck* bars this action. Under *Heck*, a plaintiff's § 1983 suit must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The plaintiff may proceed only after showing "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Simply put, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

As noted above, Mr. Neeley claims that he is subject to "unlawful incarceration" because he was wrongfully convicted of DUI manslaughter and leaving the scene of an accident. (Doc. 1 at 4-5; Doc. 1-1 at 13-14). Success on these claims would "necessarily demonstrate the invalidity of [Mr. Neeley's] confinement." *Wilkinson*, 544 U.S. at 82. Because Mr. Neeley does not—and cannot—allege that his convictions have been invalidated, his claims are barred by *Heck*. *See Depalma v. Florida*, No. 8:22-cv-2745-CEH-CPT, 2022 WL 18213403, at *1 (M.D. Fla. Dec. 6, 2022) ("Because Plaintiff challenges the fact of his confinement and seeks release and dismissal of criminal convictions, he must raise his claims in a habeas corpus petition, not a civil complaint.");

*Puckett v. Willis*, No. 1:12-cv-1798-KOB-PWG, 2012 WL 2577571, at *2 (N.D. Ala. May 17, 2012) ("To the extent that Plaintiff seeks to have his prior state convictions 'dismissed,' such is not relief available under § 1983."), *adopted by* 2012 WL 2577782 (N.D. Ala. June 28, 2012). Thus, the Court dismisses the complaint without prejudice. *See Petersen v. Overstreet*, 819 F. App'x 778, 779 (11th Cir. 2020) ("[C]ases barred by *Heck* . . . are typically dismissed without prejudice.").

Accordingly, it is **ORDERED** that:

1. Mr. Neeley's complaint (Doc. 1) is **DISMISSED without prejudice**. Because further amendment would be futile at this time, the Court denies leave to amend. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Mr. Neeley may raise his claims again in a new § 1983 action only if he can demonstrate that his convictions have been invalidated as required by *Heck*.

2. The Clerk is **DIRECTED** to enter judgment against Mr. Neeley and to close this case.

**DONE** and **ORDERED** in Tampa, Florida, on August 4, 2025.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE